IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ALEX STENGEL and KATIE STENGEL,

Plaintiffs,

v.

AMERICAN FAMILY INSURANCE COMPANY,

Defendant.

---

AMERICAN FAMILY INSURANCE COMPANY,

Counterclaim Plaintiff,

v.

ALEX STENGEL and KATIE STENGEL,

Counterclaim Defendants.

---

AMERICAN FAMILY INSURANCE COMPANY,

Third-Party Plaintiff,

v.

DANIEL THOMAS BARKER, ADAM BLAGG, and NW CLAIMS MANAGEMENT, LLC,

Third-Party Defendants.

Case No.: 3:22-cv-00802-YY

ORDER

**Adrienne Nelson, District Judge**

United States Magistrate Judge Youlee Yim You issued a Findings and Recommendation ("F&R") in this case on January 24, 2025, ECF [94]. Judge You recommended that this Court deny third-party defendant Daniel Barker's petition for attorney fees and bill of costs. Barker timely filed objections, to which third-party plaintiff American Family Insurance Company ("American Family") timely

responded.[1] The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure ("FRCP") 72(b).

A district court judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If any party files objections to a magistrate judge's proposed findings and recommendations, "the court shall make a de novo determination of those portions of the report." *Id.* No standard of review is prescribed for the portions of the report for which no objections are filed, and no review is required in the absence of objections. *Thomas v. Arn*, 474 U.S. 140, 152-54 (1985). A district court judge is not, however, precluded from *sua sponte* review of other portions of the report, under a *de novo* standard or otherwise. *Id.* at 154. The Advisory Committee notes to FRCP 72(b) recommend that, when no objection is filed, the findings and recommendation be reviewed for "clear error on the face of the record." Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment.

## DISCUSSION

Barker's objections to the F&R fall into two broad categories. First, Barker argues that the F&R improperly finds that American Family's third-party claims did not lack an objectively reasonable basis pursuant to Oregon Revised Statutes ("ORS") § 20.105. 3d-Party Def. Daniel Barker ("Barker") Objs. to F&R ("Objs."), ECF [96], at 7-17. Second, Barker argues that an attorney fee award is justified as a sanction pursuant to FRCP 11 and necessary to deter American Family's misconduct. *Id.* at 11, 19-20.

### A. Entitlement to Attorney Fees

Barker seeks attorney fees pursuant to ORS § 20.105(1), which provides, in relevant part:

> "[T]he court shall award reasonable attorney fees to a party against whom a claim, defense or ground for appeal or review is asserted, if that party is a prevailing party in the proceeding and to be paid by the party asserting the claim, defense or ground, upon a finding by the court that the party willfully disobeyed a court order or that there was no objectively reasonable basis for asserting the claim, defense or ground for appeal."

[1] Barker also filed a reply in support of his objections to the F&R, ECF [98]. Because no replies to objections are allowed, *see* Federal Rule of Civil Procedure 72(b)(2) (providing only for objections and responses to objections), Barker's Reply is STRUCK from the record, and the Court does not consider the arguments therein.

As an initial matter, Barker argues that he did not need to relitigate the entire case to be entitled to a mandatory attorney fee award under ORS § 20.105. Objs. 17-19. To the extent that Barker argues that the parties' briefing and the Court's decision on summary judgment has already established Barker's entitlement to fees, that argument is not well taken. Barker must still establish his entitlement to fees, and "any motion for attorney fees must set forth the relevant facts and arguments of the moving party, along with all supporting authorities, affidavits, or declarations." Local R. 54-3(a).

As the F&R correctly notes, Barker failed to explain in his briefing on attorney fees why American Family's claims lacked an objectively reasonable basis, aside from offering conclusory assertions that American Family "had to know that it had no legal or factual basis for its suit" and that its claims were "unsupported by any evidence at all." F&R 6 (quoting Barker Mot. Att'y Fees, ECF [86], at 4; Barker Reply Supp. Mot. Att'y Fees, ECF [92], at 4). In his objections, Barker argues that in granting summary judgment in Barker's favor, the Court found that: (1) as for the intentional interference with contractual relations claim, there was "no evidence" that Barker had any improper purpose or employed improper means, and American Family failed to even allege causation or damages; (2) as for the contribution claim, there was "no evidence" that Barker committed a tort that would give rise to such claim; (3) two of American Family's assertions upon which it based its claims were "demonstrably untrue"; and (4) the third-party complaint was legally deficient. Objs. 7-14, 17. Barker asserts that these findings show that American Family's claims lacked an objectively reasonable basis. Barker further argues that he is entitled to attorney fees because ORS § 20.105 should be interpreted liberally in Barker's favor and that Judge You improperly applied the statute narrowly.

Barker assumes that because the Court granted summary judgment in his favor, American Family's claims necessarily lacked an objectively reasonable basis. However, as the F&R correctly states, the question of whether a party can prevail on summary judgment under FRCP 56(a) is different than that of whether a claim lacks an objectively reasonable basis under ORS § 20.105. F&R 7 (quoting *Andlovec v. Spoto*, 326 Or. App. 525, 535, 532 P.3d 531 (2023) ("The fact that the trial court granted summary judgment motions does not necessarily mean that [the plaintiff] had no objectively reasonable basis for

asserting and pursuing his claims in the first place, and it does not establish the unreasonableness of those claims.")).

On summary judgment, the court considers "whether 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). In contrast, a claim lacks an objectively reasonable basis only if it is "'entirely devoid of legal or factual support at the time it was made.'" *Olson v. Howard*, 237 Or. App. 256, 269, 239 P.3d 510 (2010) (quoting *Dimeo v. Gesik*, 195 Or. App. 362, 371, 98 P.3d 397 (2004), *modified on recons. on other grounds*, 197 Or. App. 560, 562, 106 P.3d 697 (2005)). "In determining whether [a] plaintiff's action was entirely devoid of factual or legal support, the question is whether any evidence, if offered and believed, or any legal authority, would support a finding and a resulting judgment for [the] plaintiff." *Magno, LLC v. Bowden*, 313 Or. App. 686, 695, 496 P.3d 1049 (2021) (citing *Detrick v. Or. Dep't of Revenue*, 311 Or. 152, 157, 806 P.2d 682 (1991) (en banc)). A court must "inquire[] whether the evidence lends 'at least some support to each element of the claim.'" *Kraft v. Arden*, No. CV. 07-487-PK, 2009 WL 73869, at *4 (D. Or. Jan. 8, 2009) (quoting *Lenn v. Bottem*, 221 Or. App. 241, 249, 190 P.3d 399 (2008)), *subsequent determination*, No. CV. 07-487-PK, 2009 WL 602971 (D. Or. Mar. 9, 2009). "Weak evidence, or evidence rebutted by other evidence in the record, suffices to meet this threshold." *Peterson v. Direct Coast to Coast, LLC*, No. 3:14-cv-00284-MO, 2016 WL 756562, at *1 (D. Or. Feb. 24, 2016) (citing *Scott v. Harold Barclay Logging Co.*, 162 Or. App. 228, 231, 987 P.2d 17 (1999)). "A failure to prevail does not, alone, render a party's position meritless or even suggest that it is" for purposes of ORS § 20.105. *Mattiza v. Foster*, 311 Or. 1, 8, 803 P.2d 723 (1990) (citing *Christiansburg Garment Co. v. Equal Emp. Opportunity Comm'n*, 434 U.S. 412, 421 (1978)). "It is only when it is obvious that a claim is without merit—because it is entirely devoid of support—that a punitive award of attorney fees is proper." *Andlovec*, 326 Or. App. at 533.

In arguing that American Family's claims were devoid of factual support, Barker mischaracterizes portions of the Court's summary judgment decision. In that decision, the Court noted that to prevail on its intentional interference with contractual relations claim, American Family needed to "show

'(1) the existence of a professional or business relationship (which could include, e.g., a contract or a prospective economic advantage); (2) intentional interference with that relationship or advantage; (3) by a third party; (4) accomplished through improper means or for an improper purpose; (5) a causal effect between the interference and the harm to the relationship or prospective advantage; and (6) damages.'" F&R of April 26, 2024, ECF [82], at 4 (quoting *Allen v. Hall*, 328 Or. 276, 281, 974 P.2d 199 (1999) (en banc)). The Court concluded that there was no evidence from which a rational trier of fact could find improper purpose or improper means, causation, or damages. *Id.* at 7-15. The Court found that the record did not support American Family's assertions that Barker had altered an award form and submitted it to the appraisal umpire for settlement or that Barker was Blagg's employee or otherwise had a business relationship with Blagg. *Id.* at 8-11. Instead, the record demonstrated that although Halpin emailed the umpire that Barker had changed the form after Halpin affixed his signature to it, Barker had earlier told Halpin that he disagreed with Halpin's characterization of a $9,880.98 sum, stated that he would not sign a form describing the amount as "matching," removed the term "matching" from the form and relabeled the amount as "contents," affixed his signature to the form, and then sent the form back to Halpin. *Id.* at 8-9. Halpin then revised the form by describing the loss as a "water" event instead of a "fire" event and emailed the form to the umpire without obtaining authority for the change from Barker. *Id.* at 9. The record also showed that although Barker had signed an employment contract to work for Blagg approximately two years before the events at issue and the Stengels had not been aware of any employment relationship between Barker and Blagg, Barker in fact never worked for Blagg and had no financial interest with Blagg or Blagg's companies. *Id.* at 11-12.

Additionally, the Court noted that to prevail on its contribution claim, American Family needed to prove that Barker would have been liable to the Stengels in tort. *Id.* at 15 (citing *Miller v. City of Portland*, 288 Or. 271, 274, 604 P.2d 1261 (1980), *abrogated on other grounds by Fulmer v. Timber Inn Rest. & Lounge, Inc.*, 330 Or. 413, 9 P.3d 710 (2000) (en banc), *superseded by statute as stated in Deckard v. Bunch*, 370 P.3d 478, 370 P.3d 478 (2016)). Because American Family alleged only the tort of intentional interference, on which it did not prevail on summary judgment, the Court found that the contribution claim

necessarily failed as well. *Id.* at 15-16.

The Court's findings on summary judgment do not demonstrate that American Family's claims were entirely devoid of factual or legal support. The Court did not hold that American Family failed to allege elements of its claims or that its third-party complaint was legally deficient; instead, the Court found that on summary judgment, American Family did not present sufficient evidence to support the elements of improper means or an improper purpose, causation, or damages regarding its intentional interference with contractual relations claim, and therefore did not sufficiently prove that Barker would be liable to the Stengels in tort regarding its contribution claim. At most, American Family presented "weak evidence" that was ultimately rebutted by other evidence in the record. *Peterson*, 2016 WL 756562, at *1. This is not sufficient for this Court to find that American Family had "no objectively reasonable basis for asserting the claim[s]" to justify an award of attorney fees. Or. Rev. Stat. § 20.105(a).

For the foregoing reasons, the Court adopts the finding that Barker is not entitled to attorney fees under ORS § 20.105(1).

**B. Attorney Fee Award as Sanction**

Additionally, Barker argues that an attorney fee award is justified as a sanction under FRCP 11 and is necessary to deter American Family's misconduct. Barker asserts that American Family "failed to plead the elements of the claim and had no evidence—none at all—to support the claim" and that "[b]ringing a claim without any evidence is not only objectively unreasonable, it is also a violation of FRCP 11." Objs. 11. Barker further contends that the F&R "ignores the history between [American Family] and Barker, including that [American Family] has filed a false report with the National Insurance Crime Bureau, accusing [Barker] of committing fraud." *Id.* at 19. Barker claims that "he was sued because American Family and its attorney Daniel Thenell[] wished to intimidate and punish [Barker] for personal reasons." *Id.* at 20.

FRCP 11 states, in relevant part, that by "signing, filing, submitting or later advocating" for a "pleading, written motion, or other paper," an attorney certifies that:

"(1) it is not presented for any improper purpose, such as to harass, cause unnecessary


> delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and] (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]"

Fed. R. Civ. P. 11(b)(1)-(3). "A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2). A party moving for sanctions must serve the motion on the party against whom sanctions are sought and then provide that party twenty-one days following service of the motion within which to correct the putatively sanctionable filing before filing the motion with the court. *See id.* If a "court determines that Rule 11(b) has been violated, [it] may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). An objective standard of reasonableness applies to determinations of frivolousness and improper purpose. *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 830-31 (9th Cir. 1986), *abrogated on other grounds by Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384 (1990). Inquiries into the frivolity of a filing "will often overlap" with improper purpose inquiries because "evidence bearing on frivolousness or non-frivolousness will often be highly probative of purpose." *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990) (en banc).

As an initial matter, Barker has not properly brought a motion for sanctions under FRCP 11. *See* Fed. R. Civ. P. 11(c)(2). Moreover, Barker's argument that fees are justified as a sanction fails for the same reasons as his argument that he is entitled to fees under ORS § 20.105. To the extent that Barker argues that American Family brought its claims for an improper purpose and those claims were frivolous, American Family initially brought its claims based on an employment contract between Blagg and Barker. However, the record on summary judgment ultimately demonstrated that this contract was never performed, and therefore, the Court held that the evidence was such that a reasonable trier of fact could not find for American Family on three of the elements of its intentional interference with contractual relations claim or on its contribution claim. Barker again mischaracterizes the Court's summary judgment decision in asserting that the Court held that American Family failed to plead the elements of its claims and that there

was no evidence at all on summary judgment.[2] The Court's summary judgment decision at most demonstrates that American Family's claims were weak, "[b]ut '[e]ven weak claims are sufficient to avoid sanctions.'" *de Jaray v. Lattice Semiconductor Corp.*, No. 3:19-cv-86-SI, 2025 WL 746060, at *2 n.4 (D. Or. Mar. 7, 2025) (alteration in original) (citation omitted). It is clear that Barker vehemently disagreed with American Family's position, but "vehement, heartfelt, intense disagreement . . . is not a basis for sanction[s]." *Id.* at *4 (citation omitted). Accordingly, an attorney fee award as a sanction under FRCP 11 is not appropriate.

**CONCLUSION**

For the foregoing reasons, the Court ADOPTS Judge You's Findings and Recommendation, ECF [94]. Third-party defendant Daniel Barker's Motion for Attorney Fees, ECF [86], and Bill of Costs, ECF [89], are DENIED.

IT IS SO ORDERED.

DATED this 28th day of March, 2025.

Adrienne Nelson
United States District Judge

[2] Indeed, Barker's argument that American Family failed to properly allege elements of its claims would have been more properly addressed on a motion to dismiss, which Barker never filed.